FILED
2009 AUG 21 PM 3:34
CLERK U.S. DISTRICT COURT
CENTRAL DIST. O  CALIF
LOS ANGELES
BY _____

1  PETER SCHWARTZ (SBN: 109859)
   CHRISTOPHER R. WAGNER (SBN: 162092)
2  GARY A. COLLIS (SBN: 191800)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA 90071
4  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
5  pschwartz@gordonrees.com
   cwagner@gordonrees.com
6  gcollis@gordonrees.com

7  Attorneys for defendants The Hammer Corporation
   and Innovative Candy Concepts, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JULIE MARTINEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HAMMER CORPORATION, a Georgia corporation; INNOVATIVE CANDY CONCEPTS, LLC, a Georgia limited liability company; and DOES 1-250, Inclusive<br><br>Defendants. | Case No. CV09-6135 MMM (AGRx)<br><br>Case No. BC417708 (Los Angeles Superior Court)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER CLASS ACTION FAIRNESS ACT (CAFA) (28 U.S.C. §§ 1332(D) AND 1453)**<br><br>[Filed concurrently with Declaration of Frank Coco] |

1
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER CAFA**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant The Hammer Corporation ("Hammer") hereby seeks removal of the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court pursuant to the Class Action Fairness Act (CAFA) (28 U.S.C. §§ 1332(d) and 1453).

## I. JURISDICTION

1. On July 13, 2009, Julie Martinez brought a putative class action in the Superior Court of the State of California in and for the County of Los Angeles entitled, *Julie Martinez v. The Hammer Corporation, et al.*, Case No. BC417708 (the "Martinez Class Action"). (Exhibit A attached to Declaration of Frank Coco ("Coco Dec.").)

2. The putative class described in the Martinez Class Action is: "All persons located within California who purchased Kickers 80 Hour Energy Spray® from July 10th, 2006 to the present." (Exhibit A at p. 7, ¶ 15.)

3. The Martinez Class Action could have originally been filed in this Court pursuant to the Class Action Fairness Act because the requisite diversity of and amount in controversy exists. This Court therefore has original jurisdiction over this matter, and it is removable pursuant to 28 U.S.C. § 1441(a) and (b).

## II. THE NOTICE OF REMOVAL IS TIMELY

4. The complaint in the Martinez Class Action, along with the summons, was served on Hammer on July 23, 2009. (Coco Dec. at p. 2, ¶ 4 and Exhibit B attached thereto.)

5. At no time prior to July 23, 2009, did Hammer receive a copy of either the summons or the complaint. (Coco Dec. at p. 2, ¶ 5.)

6. The only other documents served on Hammer prior to its filing of this Notice of Removal were: (a) a Civil Case Cover Sheet; (b) a Civil Case Cover Sheet Addendum and Statement of Location; (c) Declaration of Plaintiff Julie

Martinez Regarding Proper Venue; (d) Notice of Case Assignment – Unlimited Civil Case; and (e) Alternative Resolution Information Package. (Coco Dec. at p. 2, ¶ 6 and Exhibit C attached thereto.)

7.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides that such notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." Hammer has filed this notice within 30 days after the Martinez Class Action was filed and served.

8.  The defendants designated in the summons and complaint as Does 1 through 250 are fictitious defendants and are to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

## III. DIVERSITY OF CITIZENSHIP EXISTS

9.  Under CAFA, only "minimal diversity" is required. In other words, all that is required is that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1132(d)(2)(A); see also *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1063 (9th Cir. 2008). Moreover, the rule of unanimity – consent to removal by all defendants – does not apply in connection with a removal pursuant to CAFA. *United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008).[1]

### A.  Martinez

10.  The complaint alleged that Julie Martinez, the representative of the putative class, is a resident of California who lives in Los Angeles County. (Exhibit A, pg. 5, ¶ 1.)

---

[1] The rule of unanimity is also not an issue because the defendants are affiliated entities and both consent to the removal.

**B.   Hammer**

11.   The complaint accurately alleges that Hammer is a Georgia corporation with its primary place of business in Atlanta, Georgia. (Exhibit A, pg. 5, ¶ 2.)

12.   Hammer is a Georgia corporation whose principal place of business is 3765 Atlanta Industrial Drive, Atlanta, Georgia 30331.  The Hammer Corporation designs and packages Sugar Free Candy and various herbal products.  Its products are marketed to regional and national retail grocery chains and convenience stores.  In some cases, the products are sold directly to distributors of consumer food and household products.  Its marketing efforts in general, are national in nature. (Coco Dec. at pgs. 2-3, ¶ 8.)

13.   Hammer has 60 people full time employees.  All Hammer employees are located in Georgia.  The entire executive staff as well as the administrative and production staff are all also located at the Hammer headquarters location in Atlanta, Georgia. (Coco Dec. at p. 3, ¶ 9.)

14.   All property belonging to Hammer, such as machinery, equipment and inventory are located at its headquarters facility in Atlanta, Georgia.  Hammer owns no real estate. (Coco Dec. at p. 3, ¶ 10.)

15.   Hammer's presence in Georgia substantially outweighs its presence in any other state. (Coco Dec. at p. 3, ¶ 11.)

**IV.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

16.   Under CAFA, federal jurisdiction over a putative class action is available so long as the aggregate of the amount in controversy exceeds $5,000,000 exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

17.   The complaint alleges that Hammer has earned "tens of millions of dollars in profits from California consumers" from the sale of Kickers 80 Hour Energy Spray®. (Exhibit A, pg. 7, ¶ 14.)

18.   The complaint seeks damages as well as restitution and disgorgement

4

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER CAFA**

of Hammer's profits. (Exhibit A, pg. 13, prayer for relief.)

## V. THE PUTATIVE CLASS EXCEEDS 100 PERSONS

19. Under CAFA, federal jurisdiction over a putative class action is available so long as there are at least 100 class members. 28 U.S.C. § 1332(d)(2).

20. The complaint alleges that, although the exact size of the putative class is unknown, "the total number of Class members is at least in the tens of thousands . . . ." (Exhibit A, pg. 8, ¶ 17.)

## VI. THE OTHER PREREQUISITES HAVE BEEN SATISFIED

21. Pursuant to 28 U.S.C. § 1446(d), Notice to Adverse Party of Removal to Federal Court will be served "promptly" on Martinez. Additionally, the Notice to Adverse Party of Removal to Federal Court will be filed with the Superior Court of California, County of Los Angeles, also pursuant to 28 U.S.C. § 1446(d).

22. If any question arises as to the propriety of the removal of the Martinez Class Action, Hammer requests the opportunity to present a brief and oral argument in support of its position that this case should be removed to District Court based upon diversity of citizenship.

WHEREFORE, Hammer, desiring to remove this case to the United States District Court for the Central District of California, prays that the filing of the Notice to Adverse Party of Removal to Federal Court with the Clerk of the Superior Court of California, County of Los Angeles, shall effect the removal of this action to District Court. 28 U.S.C. § 1446(d).

Dated: August 21, 2009

Respectfully submitted,

GORDON & REES LLP

By: _____
Gary A. Collis
Attorneys for defendants The Hammer Corporation and Innovative Candy Concepts, LLC

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

5

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER CAFA**