PETER SCHWARTZ (SBN: 109859)
CHRISTOPHER R. WAGNER (SBN: 162092)
GARY A. COLLIS (SBN: 191800)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
pschwartz@gordonrees.com
cwagner@gordonrees.com
gcollis@gordonrees.com

**NOTE CHANGES MADE BY THE COURT**

Attorneys for defendants The Hammer Corporation
and Innovative Candy Concepts, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JULIE MARTINEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HAMMER CORPORATION, a Georgia corporation; INNOVATIVE CANDY CONCEPTS, LLC, a Georgia limited liability company; and DOES 1-250, Inclusive<br><br>Defendants. | Case No. 09-6135 MMM (AGRx)<br><br>[Assigned for all purposes to the Honorable Margaret M. Morrow]<br><br>**[PROPOSED] PROTECTIVE ORDER** |

Pursuant to the Stipulation of plaintiff Julie Martinez and defendants The Hammer Corporation and Innovative Candy Concepts LLC filed on January 20, 2010, and GOOD CAUSE APPEARING, the Court enters the following Protective Order:

1. This Protective Order shall govern, and shall be applied to protect documents, materials, testimony and other items or information that any of the parties believes are entitled to confidential treatment under existing state and federal law (hereinafter "Confidential Information").

//

1
**[PROPOSED] PROTECTIVE ORDER**

2. Confidential Information produced by any party or nonparty as part of discovery in this litigation may be designated by such party or nonparty. Absent a specific order by the Court, once designated as "Confidential," such materials shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

3. The designation of material as "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

 (a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, requests for admission, or other materials (apart from depositions): by affixing the legend "CONFIDENTIAL" as appropriate, to any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

 (b) in the case of depositions by a statement on the record, by counsel, during such deposition that the entire transcript or portion thereof shall be designated as "Confidential as appropriate, hereunder. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

4. Information or material designated as "Confidential" or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made

available in whole or in part only to the following persons:

  (a) parties' counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purpose of this litigation;

  (b) parties and employees of the parties whose assistance is needed by counsel for the purposes of this litigation, subject to and in compliance with this Protective Order;

  (c) consultants and/or experts subject to and in compliance with the terms of this Protective Order;

  (d) graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition in this action, subject to and conditioned upon compliance with the terms of this Protective Order; and

  (e) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with the terms of this Protective Order.

5. All persons listed in Paragraph 4(c) through (e) above may be given access to documents or material designated as "Confidential" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgment in the form attached as Exhibit A to the stipulation filed on January 20, 2010.

6. Any person may be examined as a witness or during a deposition concerning any information or material designated as "Confidential," which that person had lawfully received or authored prior to and apart from this action. In addition, during deposition examination, any such witness may be shown additional documents marked "Confidential," but such examination and the "Confidential" documents therewith may be designated as "Confidential" by the court reporter if requested by the party which designated the documents as

"Confidential."

7. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this Protective Order shall not:

(a) Operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential;"

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court of whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice in any way the rights of a party to make a separate application to the Court that additional information or materials of proprietary or competitive value should be properly designated;

(h) prevent the parties to this Protective Order from agreeing in writing or on the record during deposition or hearing in this action to alter or

4
[PROPOSED] PROTECTIVE ORDER

waive the provisions or protections provided herein with respect to any particular information or material; or

   (i) limit a party's ability to grant nonparties access to its own documents and/or information.

8. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

9. If a party through inadvertence produces any Confidential information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed Confidential and should be treated as such in accordance with the provisions of this Protective Order. The receiving party must treat such documents and things with the noticed level of protection from the date such notice is received. Promptly upon providing such notice to the receiving party, the producing party shall provide the receiving party with another copy of the documents or things that bear the new designation under this Protective Order, at which time the receiving party shall return the originally-produced document and things to the producing party. The receiving party's disclosure, prior to the receipt of notice from the production party of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. However, the receiving party shall make a good faith effort to immediately retrieve such information from such persons not authorized to receive such information and to obtain agreement from the person to whom the disclosure was made to be bound by this Protective Order.

10. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that party shall nevertheless treat and protect such material as Confidential Material in accordance with this Protective Order unless all parties agree otherwise, in writing, or unless an order of the Court is timely sought and obtained as set forth below:

The Procedure for resolving "Confidentiality" disagreements is as follows:

(a) the party disputing the "Confidentiality" designation may, at any time, specify to designating counsel those documents which it believes are not subject to "Confidentiality";

(b) the parties shall thereafter meet and confer on the designation to try to reach agreement;

(c) in the event of a failure to reach agreement, the party disputing the "Confidentiality" designation, shall so notify the party which designated the documents as "Confidential";

(d) upon such notification, the party which designated the document as "Confidential" may, within fifteen days of notification, move the Court for continued designation as "Confidential", with the designating party bearing the burden of establishing the propriety for a protective order for the documents at issue; and

(e) if the designating party does not so move for a protective order within fifteen days of any such notification, the specified documents at issue shall no longer be subject to this Protective Order and its terms.

11. The provisions of this Protective Order shall, absent written permission of the producing party, continue to be binding throughout and after the conclusion of this litigation, including without limitation any appeals therefrom. Within sixty days after receiving notice of the entry of an order, award or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" shall return such material and all copies to counsel for the producing party.

12. Nothing contained in this Protective Order shall preclude any party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information including, but not limited to, additional restrictions on disclosure to the parties. Nothing in this

Protective Order is intended to or has the effect of diminishing any obligations of confidentiality that a party otherwise may have.

13. If any party is subpoenaed in another action or is served with a demand in another action to produce information or material which was designated as "Confidential" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile within five days of receipt of such subpoena, demand, or legal process, to those who produced or designated the information or material so marked. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

14. No party may, pursuant to this Protective Order, designate as confidential information or material any documents: (1) which constitute public records; or (2) which were obtained from third parties who owed no duty of confidentiality to the receiving or producing parties.

15. Nothing herein shall be deemed to restrict in any manner the use by any party or its counsel of that party's own documents or information, or those documents or information which are or have been made public or are not otherwise "Confidential." Moreover, "Confidential" documents may be disclosed to the author of the document or the original source [~~course~~] of the information.

16. The parties shall meet and confer regarding procedures governing the use of "Confidential" documents at trial. In the event the parties do not reach agreement regarding such use at trial that is acceptable to the Court, then either party may seek appropriate relief, if any, from the Court. Confidential Information used at trial shall become public absent a separate court order upon written motion and sufficient cause shown.

IT IS SO ORDERED.

1/25/10

_Alicia G. Rosenberg_
Hon. ~~Margaret M. Morrow~~
U.S. ~~District Court~~ Judge Magistrate

7

**[PROPOSED] PROTECTIVE ORDER**